**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GASS AUTOMOTIVE, INC.** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:21-CV-00566** |
| **vs.** | § | |
| | § | |
| **RAMP LOGISTIC, INC., EVOLUTION LOGISTICS CORP., RHENUS LOGISTICS LLC f/k/a FREIGHT LOGISTICS INTERNATIONAL, LLC, D.W. MORGAN COMPANY, INC., CISCO SYSTEMS, INC., LOGICALIS, INC., ALEXIS MENDOZA ESTRADA, AND ORLANDO BELTRAN HERNANDEZ** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff, GASS AUTOMOTIVE, INC., and Defendants, RAMP LOGISTIC, INC., EVOLUTION LOGISTICS CORP., RHENUS LOGISTICS LLC formerly known as FREIGHT LOGISTICS INTERNATIONAL, LLC., D.W. MORGAN COMPANY, INC., CISCO SYSTEMS, INC., LOGICALIS, INC., submit their Joint Discovery/Case Management Plan as follows:

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

**RESPONSE:** The parties have conferred by e-mail over the past week and exchanged edited versions of this Joint Discovery/Case Management Plan by e-mail.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

**RESPONSE:** CHUBB SERUGOS CHILE S.A. as the subrogee of one cargo owner NTT CHILE S.A. has sued FREIGHT LOGISTICS INTERNATIONAL LLC, RHENUS FREIGHT LOGISTICS, EVOLUTION LOGISTICS CORP. and RAMP LOGISTIC INC. in the Southern District of Florida. The case number is 1:21-cv-20586-JEM.

14728410 v1

**3. Briefly describe what this case is about.**

**RESPONSE:** **GASS AUTOMOTIVE, INC.'s Statement:**

On or about August 14, 2020, the HARRIS COUNTY SHERIFF'S OFFICE contacted GASS AUTOMOTIVE, INC. regarding vehicle accident involving a tractor-trailer that occurred near Exit 787 on East Interstate 10 near Channelview, Texas.

The HARRIS COUNTY SHERIFF'S OFFICE dispatched GASS AUTOMOTIVE, INC. to the recovery site to clear the burned-out tractor-trailer that was obstructing traffic on Interstate 10.

At approximately 5:00 p.m. on August 14, 2020, GASS AUTOMOTIVE, INC. arrived at the recovery site and observed the burned-out tractor-trailer obstructing a portion of Interstate 10 and most of the shoulder.

After assessing the condition of the tractor-trailer at the recovery site, GASS AUTOMOTIVE, INC. determined that additional recovery equipment and personnel was required to safely, efficiently, and completely recover the burned-out tractor-trailer and its contents from the obstructed roadway.

To ensure the safety of RAMP LOGISTIC, INC.'s tractor-trailer operator (Orlando Beltran Hernandez), GASS AUTOMOTIVE, INC. personnel, law enforcement officers on the scene, and motorists traveling past the recovery site, GASS AUTOMOTIVE, INC. mobilized three (3) impact attenuator trucks to the recovery site, which was required by Texas law because the recovery efforts required the closure of three (3) lanes of interstate traffic.

The TEXAS DEPARTMENT OF TRANSPORTATION'S ("TXDOT") Traffic Control Plans require a truck-mounted attenuator on a shadow vehicle in situations that involve mobile operations and short-term freeway lane closures.

GASS AUTOMOTIVE, INC. illuminated the recovery site with light plants in the areas where GASS AUTOMOTIVE, INC.'s personnel performed the recovery efforts.

After the recovery site was secured in compliance with TXDOT's and the OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION'S ("OSHA") rules/regulations, GASS AUTOMOTIVE, INC. loaded RAMP LOGISTIC, INC.'s tractor-trailer onto an industrial carrier and the cargo was loaded onto a landoll tractor-trailer and a bus tractor-trailer using two (2) of GASS AUTOMOTIVE, INC.'s rotators that were dispatched to the scene.

All of the potentially undamaged cargo from RAMP LOGISTIC, INC.'s trailer was loaded into roll-off containers at the recovery site.

GASS AUTOMOTIVE, INC. loaded the burned debris from the tractor-trailer into roll-off containers using a skid steer, a track hoe, and manual labor of GASS AUTOMOTIVE, INC.'s personnel.

After the tractor-trailer and roll-off containers were secured for transportation, GASS AUTOMOTIVE, INC. moved all of its equipment and the roll-off containers to its storage lot.

At approximately 2:00 a.m. on August 15, 2020, GASS AUTOMOTIVE, INC. arrived at its storage lot and began securing the roll-off containers and their respective contents.

After completing the recovery and storage operations, GASS AUTOMOTIVE, INC. prepared and delivered an invoice to RAMP LOGISTIC, INC. for the work performed on its behalf.

At the time that RAMP LOGISTIC, INC. received the invoice, GASS AUTOMOTIVE, INC. did not know the identity of the owner of the cargo that RAMP was transporting to Florida.

RAMP LOGISTIC, INC. and the owner(s) of the cargo refuse to pay for the reasonable and necessary cost of the services and materials that GASS AUTOMOTIVE, INC.

**LOGICALIS, INC.'s Statement**

Logicalis, Inc. is not a proper party. It did not own the cargo involved and was uninvolved with the incident.

**RAMP LOGISTICS, INC.'s Statement**

RAMP LOGISTIC, INC. dispute the reasonable and necessary cost of the services and materials that GASS AUTOMOTIVE, INC. has alleged. RAMP LOGISTIC, INC. further asserts the affirmative defenses, including but not limited to, comparative and proportionate responsibility, Plaintiff's failure to mitigate damages, and unreasonable and excessive expenses.

**D.W. MORGAN COMPANY, INC.**

D.W. MORGAN is not a proper party. It did not own the cargo involved and was uninvolved with the incident.

**RHENUS LOGISTICS LLC**

RHENUS LOGISTICS LLC IS not a proper party. It did not own the cargo involved and was uninvolved with the incident.

**EVOLUTION LOGISTICS CORP.'S STATEMENT**

EVOLUTION LOGISTICS CORP. is not a proper party. It did not own the cargo involved and was uninvolved with the incident.

**CISCO SYSTEMS, INC.'s Statement**

CISCO SYSTEMS, INC. is not a property party. It did not own the cargo involved and was uninvolved in the incident.

**4. Specify the allegation of federal jurisdiction.**

**RESPONSE:** Currently, this Court maintains jurisdiction over this lawsuit based on diversity jurisdiction because GASS AUTOMOTIVE, INC. is a Texas corporation and the Defendants are not residents and/or are not domestic business entities and the amount of the GASS AUTOMOTIVE, INC.'s claim exceeds $75,000.00.

**5. Identify the parties who disagree and the reasons.**

**RESPONSE:** GASS AUTOMOTIVE, INC. contends that it is entitled to be paid for all of the services that it provided for the benefit of the Defendants.

Defendants contend that they are not responsible for paying GASS AUTOMOTIVE, INC. because GASS AUTOMOTIVE, INC.'s claim (whether all or a portion) is not covered by Defendants' respective insurance policies.

LOGICALIS, INC. disagrees that it is a proper party to the litigation and that it has any liability in this matter.

D.W. MORGAN COMPANY, INC. disagrees that it is a proper party to the litigation and that it has any liability in this matter. D.W. MORGAN also disagrees with Plaintiff's statement above that "Defendants contend that they are not responsible for paying GASS AUTOMOTIVE, INC. because GASS AUTOMOTIVE, INC.'s claim (whether all or a portion) is not covered by Defendants' respective insurance policies."

RHENUS LOGISTICS LLC is not a proper party. It did not own the cargo involved and was uninvolved with the incident.

EVOLUTION LOGISTICS CORP. disagrees that it is a proper party to the litigation and that it has any liability in this matter.

CISCO SYSTEMS, INC. is not a proper party. It did not own the cargo involved and was uninvolved in the incident. CISCO SYSTEMS, INC. disagrees with Plaintiff's statement that "Defendants contend that they are not responsible for paying GASS AUTOMOTIVE, INC. because GASS AUTOMOTIVE, INC.'s claim (whether all or a portion) is not covered by Defendants' respective insurance policies."

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

**RESPONSE:** 1. **<u>GASS AUTOMOTIVE, INC.'s Statement:</u>**

The owner(s) of the cargo should be named as additional defendants in this lawsuit. GASS AUTOMOTIVE, INC. cannot determine the identity of the owner(s) of the cargo without conducting discovery because the Defendants refuse to voluntarily provide the contract documents, bills of lading, written correspondence, and documentation identifying what cargo was being transported, the owner of the cargo, and who was responsible for the cargo during transportation.

**2. <u>Other Defendants' Statement:</u>**

None known at this time.

**7. List anticipated interventions.**

**RESPONSE:** None at this time.

**8. Describe class-action or collective-action issues.**

**RESPONSE:** None at this time.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

**RESPONSE:** GASS AUTOMOTIVE, INC. has not yet exchanged its initial disclosures with the Defendants; however, GASS AUTOMOTIVE, INC. informally provided copies of the currently-available documents supporting GASS AUTOMOTIVE, INC.'s claims to any requesting party.

GASS AUTOMOTIVE, INC. anticipates exchanging its initial disclosures with the Defendants within fourteen (14) days of the date of this filing.

D.W. MORGAN COMPANY, INC. exchanged its initial disclosures on April 28, 2021.

RAMP LOGISTIC, INC. produced informal disclosures to GASS AUTOMOTIVE, INC. on April 9, 2021.

RHENUS LOGISTICS LLC anticipates exchanging its initial disclosures with Plaintiff at a mutually agreeable date with Plaintiff in advance of mediation.

EVOLUTION LOGISTICS CORP. anticipates to produce its initial disclosures within fourteen (14) days of the date of this filing.

CISCO SYSTEMS, INC. anticipates exchanging its initial disclosures with Plaintiff at a mutually agreeable date with Plaintiff in advance of mediation. CISCO SYSTEMS, INC. states that it has not refused to produce documents and disagrees with GASS AUTOMOTIVE INC.'s characterization of the discovery process to date (See Section 6).

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

**RESPONSE:** **<u>GASS AUTOMOTIVE, INC.'s Statement:</u>**

On March 29, 2021, GASS AUTOMOTIVE, INC. requested that the Defendants voluntarily provide the following documents and information in anticipation of the initial status conference:

(1) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; and

(2) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

D.W. MORGAN COMPANY, INC. voluntarily provided limited documentation in conjunction with its initial disclosures (including a copy of its insurance policy) and RAMP LOGISTIC, INC. voluntarily provided one (1) of the two (2) insurance policies that are known to exist.

Other than the limited documentation provided by D.W. MORGAN COMPANY, INC. and the single insurance policy provided by RAMP LOGISTIC, INC., Defendants have voluntarily turned over any documents, information, and/or insurance policies.

D.W. MORGAN disagrees with Plaintiff's characterization of its document production as "limited." D.W. MORGAN has produced documents in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

RHENUS LOGISTICS LLC's Statement**:**

GASS AUTOMOTIVE, INC. sent a settlement demand but has not served any discovery requests on Defendants pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

The Parties do not have an agreed discovery control plan.

CISCO SYSTEMS, INC. states that GASS AUTOMOTIVE, INC. sent a settlement demand requesting documentation, but has not served discovery requests on CISCO SYSTEMS, INC. pursuant to the FEDERAL RULES OF CIVIL PROCEDURE. The Parties have not agreed to a discovery control plan. CISCO SYSTEMS, INC. states that it has not refused to produce documents and disagrees with GASS AUTOMOTIVE INC.'s characterization of the discovery process to date (See Section 6).

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

**RESPONSE:** GASS AUTOMOTIVE, INC. anticipates sending interrogatories to each of the Defendants.

**C. When and to whom the defendant anticipates it may send interrogatories.**

**RESPONSE:** LOGICALIS, INC. anticipates sending interrogatories within 15 days. RAMP LOGISTIC, INC. anticipates sending interrogatories within 15 days of the Rule 16 Conference. D.W. MORGAN anticipates sending interrogatories to Plaintiff within 30 days of the Rule 16 conference. RHENUS LOGISTICS LLC anticipates sending interrogatories to Plaintiff following mediation in the event it is not successful. EVOLUTION LOGISTICS CORP. anticipates sending interrogatories within 15 days of the Rule 16 Conference.

    CISCO SYSTEMS, INC. anticipates sending interrogatories to Plaintiff and following mediation in the event mediation is unsuccessful.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

**RESPONSE:** GASS AUTOMOTIVE, INC. anticipate deposing the following persons:

1. Orlando Beltran Hernandez;
2. Alexis Mendoza Estrada;
3. Gil Francisco;
4. Antonio Montenegro; and
5. any expert witness designated by any of the Defendants.

GASS AUTOMOTIVE, INC. expressly reserves the right to designate additional persons to be deposed as the identity of the persons involved in transporting the cargo at issue becomes known to GASS AUTOMOTIVE, INC.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

**RESPONSE:** LOGICALIS, INC. does not anticipate taking any depositions at this time.

RAMP LOGISTIC, INC. AND D.W. MORGAN do not anticipate taking any depositions at this time, but reserve their rights to take the deposition of the Corporate Representative of GASS AUTOMOTIVE, INC.

RHENUS LOGISTICS LLC anticipates taking the deposition of the Corporate Representative of GASS AUTOMOTIVE, INC. RHENUS LOGISTICS LLC reserves the right to take additional depositions as discovery proceeds.

EVOLUTION LOGISTICS CORP. does not anticipate taking any depositions at this time.

CISCO SYSTEMS, INC. anticipates taking the deposition of the Corporate Representative of GASS AUTOMOTIVE, INC., and reserves the right to take additional depositions as discovery proceeds.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

**RESPONSE:** Subject to other preliminary rulings by the Court, GASS AUTOMOTIVE, INC. expects to be able to designate its expert witnesses and submit the corresponding expert witness reports within ninety (90) days of the date that Defendants respond to all of GASS AUTOMOTIVE, INC.'s discovery requests

and/or within ninety (90) days of the date that Defendants produce all existing documents that are responsive to GASS AUTOMOTIVE, INC.'s Requests for Production to Defendants, whichever is later.

RHENUS LOGISTICS LLC anticipates being able to serve responsive expert reports within 60 days of receiving Plaintiff's expert reports pursuant to an agreed discovery control plan.

CISCO SYSTEMS, INC. reserves the right to serve responsive expert reports within 60 days of receiving Plaintiff's expert reports.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

**RESPONSE:** Subject to other preliminary rulings by the Court, GASS AUTOMOTIVE, INC. expects that all expert depositions will be completed within twelve (12) months from the date of this filing or within one hundred twenty (120) days of the date that Defendants produce all existing documents that are responsive to GASS AUTOMOTIVE, INC.'s Requests for Production, whichever is later.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

**RESPONSE:** LOGICALIS, INC. anticipates taking all Plaintiff's expert depositions within 60 days of their designation.

RAMP LOGISTIC, INC., anticipates taking all Plaintiff's expert depositions within 60 days of their designation.

If necessary, D.W. MORGAN anticipates that it can complete expert depositions within 60 days of their designation.

RHENUS LOGISTICS LLC anticipates taking all Plaintiff's experts' depositions within 60 days of their designation.

EVOLUTION LOGISTICS CORP. anticipates taking all Plaintiff's expert deposition within 60 days of their designation.

CISCO SYSTEMS, INC. anticipates taking all Plaintiff's experts' depositions within 60 days of their designation.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

**RESPONSE:** Please see above.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

**RESPONSE:** None.

**13. State the date the planned discovery can reasonably be completed.**

**RESPONSE:** GASS AUTOMOTIVE, INC. and RHENUS LOGISTICS LLC expect that the discovery process can be completed in twelve (12) to fifteen (15) months.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

**RESPONSE:** Counsel for GASS AUTOMOTIVE, INC. and counsel for Defendants discussed scheduling a mediation before Eric Benton; however, none of the parties have been able to agree on the date of mediation due to the conflicts in the schedules of the numerous out-of-state party representatives, adjusters and their counsel.

GASS AUTOMOTIVE, INC. reasonably expects that this case could be settled in the immediate future if the Court would compel that parties, their respective representatives and/or adjusters, to participate in mediation before Eric Benton on a specific date within the next 30 days.

Logicalis, Inc. agrees with Gass Automotive, Inc.'s position on this matter. It is also willing to participate in a settlement conference before the Magistrate Judge.

RAMP LOGISTIC, INC. AND D.W. MORGAN agree to mediation with Eric Benton and are working with all Parties and their counsel to schedule mediation within the next 30 days.

RHENUS LOGISTICS LLC agrees to mediation either with the Court or Eric Benton.

EVOLUTION LOGISTICS CORP. agrees with GASS AUTOMOTIVE, INC.'s position on this matter. It is also willing to participate in a settlement conference before the Magistrate Judge.

CISCO SYSTEMS, INC. agrees with GASS AUTOMOTIVE, INC.'s position on this matter. It is also willing to participate in a settlement conference before the Court.

**15. Describe what each party has done or agreed to do to bring a prompt resolution.**

**RESPONSE:** **GASS AUTOMOTIVE, INC. Statement:**

On March 29, 2021, GASS AUTOMOTIVE, INC. submitted a settlement offer to Defendants that would have fully and efficiently resolved the entire dispute that is the subject of this lawsuit.

None of the Defendants responded to GASS AUTOMOTIVE, INC.'s settlement offer.

**LOGICALIS, INC.'s Statement:**

LOGICALIS, INC. has worked to schedule alternative dispute resolution since the litigation's inception.

**Defendants' Statement:**

Pre-suit settlement negotiations were unsuccessful and suit was filed on January 15, 2021. Parties are continuing to work to resolve this matter and are in the process of scheduling mediation.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

**RESPONSE:** GASS AUTOMOTIVE, INC. proposes that the Court appoint Eric Benton or any other neutral mediator based in Houston, Texas and enter an order requiring the parties to participate in a full-day mediation (via Zoom) with the client representatives, adjusters, and counsel being required to attend.

LOGICALIS, INC. is agreeable to a mediation with Eric Benton. It is also willing to participate in a settlement conference before the Magistrate Judge.

RAMP LOGISTIC, INC., RHENUS LOGISTICS LLC, CISCO SYSTEMS, INC., AND D.W. MORGAN agree to mediation with Eric Benton and are working with all Parties and their counsel to schedule mediation within the next 30 days.

EVOLUTION LOGISTICS CORP. is agreeable to a mediation with Eric Benton. It is also willing to participate in a settlement conference before the Magistrate Judge.

**17. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

**RESPONSE:** GASS AUTOMOTIVE, INC. is opposed to trying this lawsuit before a magistrate judge.

LOGICALIS, INC. is opposed to trying this lawsuit before a magistrate judge.

RAMP LOGISTIC, INC., is opposed to trying this lawsuit before a magistrate judge.

D.W. MORGAN is opposed to trying this lawsuit before a magistrate judge.

RHENUS LOGISTICS LLC does not consent to trying this lawsuit before a magistrate judge.

CISCO SYSTEMS, INC. does not consent to trying this lawsuit before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

**RESPONSE:** GASS AUTOMOTIVE, INC. requested a jury trial in Plaintiffs' Original Petition and Request for Disclosure prior to this lawsuit's removal to federal court.

RAMP LOGISTIC, INC. also filed a Jury Demand, on March 9, 2021.

D.W. MORGAN filed a jury demand on March 4, 2021.

**19. Specify the number of hours it will likely take to present the evidence in this case.**

**RESPONSE:** Due to the lack of discovery, GASS AUTOMOTIVE, INC. is unable to provide an accurate estimate of the hours that it will take to present the evidence in this lawsuit.

**21. List other pending motions that could be ruled on at the initial pretrial and scheduling conference.**

**RESPONSE:** Not applicable.

**22. List issues or matters, including discovery, that should be addressed at the conference.**

**RESPONSE:** GASS AUTOMOTIVE, INC. requests that the Court compel the parties to participate in mediation within the next thirty (30) days.

        GASS AUTOMOTIVE, INC. requests that the Court compel all of the Defendants to produce the following documents/information within fourteen (14) days:

(1) copies of all insurance policies;

(2) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; and

(3) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

LOGICALIS, INC. agrees with Gass Automotive, Inc.'s alternative dispute resolution position in this matter. (See Item 14 above). It is also willing to participate in a settlement conference before the Magistrate Judge.

D.W. MORGAN is willing to engage in ADR.

CISCO SYSTEMS, INC. agrees with GASS AUTOMOTIVE, INC.'s alternative dispute resolution position in this matter. (See Item 14 above). CISCO SYSTEMS, INC. disagrees with any request to compel the disclosure of any information of documentation prior to the agreement of the parties to a discovery management plan.

**23. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

**RESPONSE:** GASS AUTOMOTIVE, INC. certifies that it filed Plaintiffs' Disclosure of Interested Persons on March 5, 2021.

Logicalis, Inc. filed its Disclosure of Interested Persons on June 8, 2021.

RHENUS LOGISTICS LLC certifies that it filed its Disclosure of Interested Persons on March 10, 2021.

EVOLUTION LOGISTICS CORP., certifies that it filed its Disclosure of Interested Persons on March 11, 2021.

        D.W. MORGAN COMPANY, INC., certifies that it filed its Certificate of Interested Parties on March 11, 2021, and its Disclosure Statement on March 12, 2021.

RAMP LOGISTIC, INC., certifies that it filed its Disclosure of Interested Persons on March 12, 2021.

LOGICALIS, INC., certifies that it filed its Disclosure of Interested Persons on June 8, 2021.

CISCO SYSTEMS, INC., certifies that it filed its Disclosure of Interested Persons on March 10, 2021

**24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

1. Counsel for GASS AUTOMOTIVE, INC.
   c/o JAMES HAMILTON FOLEY, PLLC
   James Hamilton Foley
   Texas Bar No. 24059764
   S.D. Texas I.D. No. 930406
   2723 Carolina Way
   Houston, Texas 77005
   (713) 256-1986
   jhf@jhfoleylaw.com

2. Counsel for LOGICALIS, INC.
   Robert M. Browning
   BROWN SIMS, P.C.
   Texas Bar No. 00796264
   Federal ID No. 21097
   1177 West Loop South, Tenth Floor
   Houston, Texas 77027 9007
   Tel: (713) 629 1580
   Fax: (713) 629 5027
   rbrowning@brownsims.com

3. Counsel for RAMP LOGISTIC, INC.
   David L. Sargent
   State Bar No. 17648700
   david.sargent@sargentlawtx.com
   Martha M. Posey
   State Bar No. 24105946
   martha.posey@sargentlawtx.com
   SARGENT LAW, P.C.
   1717 Main Street, Suite 4750

    Dallas, Texas 75201
    Telephone: (214) 749-6000
    Facsimile: (214) 749-6100
    Emails: david.sargent@sargentlawtx.com, martha.posey@sargentlawtx.com

4.  Counsel for D.W. MORGAN COMPANY, INC.
    David James
    State Bar No. 24032467
    Federal ID No. 588556
    CLARK HILL PLC
    2615 Calder Avenue
    Beaumont, Texas 77702
    (409) 351-3800
    djames@clarkhill.com
    and
    Katherine T. Garber
    State Bar No. 07626985
    Federal ID No. 10584
    CLARK HILL PLC
    909 Fannin Street, Suite 2300
    Houston, Texas 77010
    (713) 951-5600
    kgarber@clarkhill.com

5.  Counsel for RHENUS LOGISTICS LLC
    Aaron R. Crane
    Texas State Bar No. 24050459
    Blake A. Jenkins
    Texas State Bar No. 24097885
    HOGAN LOVELLS US LLP
    609 Main Street, Suite 4200
    Houston, TX 77002
    T (713) 632-1400
    F (713) 632-1401
    aaron.crane@hoganlovells.com
    blake.jenkins@hoganlovells.com

    Counsel to EVOLUTION LOGISTICS, CORP.
    Shanshan Liang
    Florida Bar No. 112991
    THE MOONEY LAW FIRM, LLC
    2717 Neuchatel Drive
    Tallahassee, FL 32303
    Cell - (631) 882-2298
    E: sliang@customscourt.com

Counsel for CISCO SYSTEMS, INC.

Nicholas J. Secco
State Bar Number: 24100606
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Email: nsecco@beneschlaw.com

Kelly E. Mulrane (*pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone:  312.212.4955
Facsimile:  312.767.9192
kmulrane@beneschlaw.com

Eric Larson Zalud (*pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: ezalud@beneschlaw.com

Respectfully submitted,

**JAMES HAMILTON FOLEY, PLLC**

  /s/ *James Hamilton Foley*
James Hamilton Foley
Texas Bar No. 24059764
S.D. Texas I.D. No. 930406
jhf@jhfoleylaw.com
2723 Carolina Way
Houston, Texas 77005
(713) 256-1986 (Telephone)

**ATTORNEYS FOR PLAINTIFF,
GASS AUTOMOTIVE, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2021, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *James Hamilton Foley*